UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB ANDREW FOUTS,

Plaintiff,

v.                                                    CAUSE NO. 3:21-CV-431-JD-MGG

CASS COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

Jacob Andrew Fouts, a prisoner without a lawyer housed at the Cass County Jail,
filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro
se* complaint, however inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A,
the court must review the merits of a prisoner complaint and dismiss it if the action is
frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks
monetary relief against a defendant who is immune from such relief.

Fouts alleges that, on February 8, 2019, C.O. Titus, C.O. Biggs, and Deputy
Preston used excessive force against him. Fouts, however, did not initiate this lawsuit
until June 10, 2021, more than two years later. Although the statute of limitations is an
affirmative defense, dismissal is appropriate where the complaint makes clear that the
claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559
F.3d 671, 674 (7th Cir. 2009). Indiana's two-year limitations period applies to this

case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Fouts's allegations concern events occurring on February 8, 2019, yet the complaint was not filed until June 10, 2021. Thus, Fouts's claims are time barred.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 28, 2021

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT